1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  JAMES FRANK S.,

11                Plaintiff,

12        v.

13  COMMISSIONER OF SOCIAL
    SECURITY,

14                Defendant.

15

CASE NO. 3:19-CV-6056-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

17  Defendant's denial of his application for supplemental security income ("SSI"). Pursuant to 28

18  U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have

19  consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

20        After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

21  erred when he failed to properly consider the opinion of examining psychologist Dr. Frances

22  Carter, Ph.D. Had the ALJ properly considered Dr. Carter's opinion, the residual functional

23  capacity ("RFC") assessment may have included additional limitations. The ALJ's error is

24

1    therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42

2    U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

3                           FACTUAL AND PROCEDURAL HISTORY

4            On March 14, 2017, Plaintiff filed an application for SSI, alleging disability beginning

5    October 1, 2016. *See* Dkt. 6, Administrative Record ("AR") 15, 214-19. The application was

6    denied on initial administrative review and reconsideration. *See* AR 15. A hearing was held

7    before ALJ Malcom Ross on September 6, 2018. AR 51-97. In a decision dated December 5,

8    2018, the ALJ determined Plaintiff is not disabled. AR 15-25. Plaintiff's request for review of

9    the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final

10   decision of the Commissioner. AR 1-5; 20 C.F.R. § 404.981, § 416.1481.[1]

11           In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider Dr.

12   Frances Carter's opinion. Dkt. 8.

13                                  STANDARD OF REVIEW

14           Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15   social security benefits if the ALJ's findings are based on legal error or not supported by

16   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

17   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18                                       DISCUSSION

19           Plaintiff maintains the ALJ erred when he failed to include all the limitations assessed by

20   examining psychologist Dr. Frances Carter, Ph.D. in the RFC assessment. Dkt. 8, pp. 2-4.

21   Specifically, Plaintiff asserts Dr. Carter found Plaintiff was limited in his ability to interact with

22   _____

23           [1] Plaintiff also filed applications for SSI and disability insurance benefits in 2013. *See* AR 13. These
     applications were denied by an ALJ in 2015 and Plaintiff did not request review by the Appeals Council. *See* AR 15,
24   101-09. The non-disability determination arising from the 2015 ALJ decision is not at issue in this case.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

1  co-workers, complete a normal workday, and attend work. Plaintiff contends the ALJ failed to

2  include Dr. Carter's opined limitations in the RFC or provide specific and legitimate reasons

3  supported by substantial evidence for discounting these limitations. *See id.*

4  **I.      ALJ's Consideration of the Evidence**

5         The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

6  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

7  1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

8  502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

9  opinion can be rejected "for specific and legitimate reasons that are supported by substantial

10  evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

11  1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

12  accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

13  clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

14  F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

15         The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*,

16  739 F.2d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative

17  evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting

18  *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding

19  [such] evidence." *Id.* at 571. Furthermore, an RFC must take into account all of an individual's

20  limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus,

21  an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence."

22  *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698

23  F.3d 1153, 1161 (9th Cir. 2012)).

24

1   Dr. Carter completed a Mental Evaluation of Plaintiff on June 22, 2017. AR 417-23. Dr.

2   Carter found, in relevant part, that Plaintiff's "ability to interact with co-workers and the public

3   is likely mildly to moderately impaired, and severely impaired if he is unable to sustain his

4   sobriety/abstinence." AR 423. Further, she found that, due to Plaintiff's "health issues, addiction

5   history, and mood symptoms, his ability to maintain regular attendance in the workplace is likely

6   moderately impaired." AR 423. Dr. Carter also opined

7   > [Plaitniff's] ability to complete a normal workday or workweek without
     > interruption from his symtoms is likely moderately to severely impaired, depending
8   > upon the extent to which he is able to sustain his sobriety/abstinence. His ability to
     > deal with the usual stress encounted in the workplace is moderately to severely
9   > impaired, depending upon the extent to which he is able to sustain his
     > sobriety/abstinence.
10
    AR 423.
11
12   The ALJ discussed Dr. Carter's findings and opinions as to Plaintiff's limitations. AR 22.

13   He then gave Dr. Carter's opinion "some weight" stating,

14   > While [Dr. Carter] concluded that the claimant's substance use results in severe
     > functional impairment, suggesting that his substance use would be material to a
     > finding of disability, the undersigned does not find that the evidence, as a whole,
15   > supports such finding of materiality. The medical record does not establish clear
     > evidence of the claimant's function during periods of use versus periods of sobriety.
16   > Therefore, the undersigned has incorporated periods of use into the functional
     > limitations set forth and discussed above.
17
18   AR 23. The Court finds the ALJ provided a valid reason for giving limited weight to Dr. Carter's

19   opinions regarding Plaintiff's more severe functional limitations caused by his substance use.

20   Plaintiff does not challenge this portion of the ALJ's decision. *See* Dkt. 8. But, Plaintiff does

21   argue the ALJ's decision to not include Dr. Carter's opinions regarding Plaintiff's functional

22   limitations when Plaintiff maintains his sobriety in the RFC constitutes error. The Court agrees.

23   The ALJ failed to explain what portions of Dr. Carter's opinion was given some weight

24   or include Dr. Carter's remaining limitations in the RFC. *See* AR 20, 22-23. As discussed above,

1   Dr. Carter found that, if Plaintiff maintains his sobriety/abstinence, his ability to interact with co-

2   workers and the public is mildly to moderately impaired and his ability to complete a normal

3   workday or workweek without interruption from his symptoms is moderately impaired. AR 423.

4   She also found Plaintiff's ability to maintain regular attendance in the workplace is moderately

5   impaired due to his health issues, addiction history, and mood symptoms. AR 423. Plaintiff's

6   limitations in his ability to interact with co-workers, attend work, and complete a normal

7   workday and workweek without interruption are related to his ability to be employed and is

8   therefore significant, probative evidence. While the ALJ discussed these findings, the ALJ did

9   not provide any explanation as to why he discounted these limitations. *See* AR 22-23. The ALJ

10   also did not include these limitations in the RFC. The RFC states, in relevant part, Plaintiff

11   > can perform work limited to simple tasks, increasing to moderate as more well-
12   > learned, in an environment free of fast-paced production requirements, with only
      > occasional, superficial interaction with the public, and only occasional, expected
13   > work place changes.

     AR 20.
14
         The ALJ does not adequately explain how the RFC accounts for all the opined limitations
15
     or explain why he has rejected these additional limitations. AR 20, 22-23. Additionally, while the
16
     ALJ accounted for some limitations in Plaintiff's ability to interact with the public, the RFC does
17
     not expressly contain limitations related to Plaintiff's interactions with co-workers, attendance,
18
     or ability to complete a workday or workweek without interruptions. *See* AR 20. As the ALJ did
19
     not provide any reason for discounting Dr. Carter's opinion regarding Plaintiff's limitations that
20
     are independent from his substance use or include these limitations in the RFC, the ALJ erred.
21
     *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and
22
     legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not
23
     achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *Blakes v.*
24

1  *Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and

2  logical bridge from the evidence to her conclusions so that we may afford the claimant

3  meaningful review of the SSA's ultimate findings.").

4         Defendant argues the ALJ was not required to discount Dr. Carter's opinion because it

5  does not conflict the with the RFC assessment. Dkt. 9. As discussed above, the Court finds the

6  RFC does not include all the limitations assessed by Dr. Carter. Thus, Dr. Carter's opinion is in

7  conflict with the RFC. Defendant also asserts the ALJ's decision reflects that the ALJ intended to

8  translate Dr. Carter's opinion into the concrete restrictions found in the opinions of Drs. Mathew

9  Comrie and Shawn Horn. *Id*. The ALJ did not find Drs. Comrie and Horn created concrete

10  restrictions from Dr. Carter's opinion. *See* AR 22. As the ALJ did not state he relied on Drs.

11  Comrie and Horn's translation of concrete restrictions, Defendant's argument constitutes post-

12  hoc rationalization. *See Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006)

13  (The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in

14  making its decision."). Moreover, the record shows Drs. Comrie and Horn found Dr. Carter's

15  opinion was more restrictive than their opinions and they did not give weight to Dr. Carter's

16  opinion because Dr. Carter had a brief treating relationship with Plaintiff and her opinion was

17  based on subjective reports and was not supported by the totality of the evidence. *See* AR 128,

18  145. For these reasons, the Court is not persuaded by Defendant's arguments.

19      **II.    Harmless Error**

20         The Court must now determine if the ALJ's error is harmless. "[H]armless error

21  principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir.

22  2012). An error is harmless, however, only if it is not prejudicial to the claimant or

23  "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner,*

24

*Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered all of Dr. Carter's opined limitations, the RFC may have included limitations regarding Plaintiff's ability to interact with co-workers, maintain attendance, and complete a workday and workweek without interruptions. Therefore, if Dr. Carter's opinion as to all Plaintiff's limitations that are independent of his substance use were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, ALJ's failure to explain the weight given to Dr. Carter's opinion regarding Plaintiff's limitations in his ability to interact with co-workers, attend work, and complete a normal workday and workweek without interruption is not harmless and requires reversal.

CONCLUSION

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of April, 2020.

David W. Christel
United States Magistrate Judge